# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

**FILED**

at 12 O'clock & 54 min. P M
Date March 17, 2010

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia  ρβ

In the matter of:

JAMES C. FULLWOOD

        *Debtor*

)
)
)
)
)

Chapter 13 Case

Number 07-41115

## MEMORANDUM AND ORDER

### FINDINGS OF FACT

On July 25, 2007 James C. Fullwood ("Debtor") filed a Chapter 13 case.

Petition, Dckt. No. 1. A Plan was confirmed on January 28, 2008, requiring Debtor to pay

$450.00 per month for five years. Order, Dckt. No. 43. Four days later, on February 1, 2008,

Debtor injured his shoulder during the course of his employment. Debtor has since entered

into a Workers' Compensation lump sum settlement for future benefits in the amount of

$94,000.00. After attorney's fees, Debtor will net $70,500.00 in compensation for his

shoulder injury. Debtor petitioned this court for approval of the settlement (Motion, Dckt.

No. 66 (January 5, 2010)), and First Credit Finance, Inc. ("Creditor") objected. Objection,

Dckt. No. 75 (February 2, 2010). A hearing was held on February 9, 2010, to determine

whether the sum of the Workers' Compensation settlement is exempt from the bankruptcy

estate.

## CONCLUSIONS OF LAW

Creditor acknowledges that its position is contrary to my holding in In re Flowers, 96-21061 (Bankr. S.D. Ga. 1997) (Davis, J.), but asks that I reexamine that ruling. Creditor argues that the Supremacy Clause of the United States Constitution prevents Debtor from exempting his Workers' Compensation settlement under state law. The Supremacy Clause provides that the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Creditor contends that because the Bankruptcy Code has been enacted, certain state law exemptions should be preempted. Specifically, the contention is that when Georgia "opted out" of the federal bankruptcy exemptions by enacting its own bankruptcy exemptions, Workers' Compensation benefits were not exempted because they were not listed in the "opt out" statute itself but are found in a different Title of the Georgia Code.

However, "[p]re-emption analysis should not be 'a freewheeling judicial inquiry into whether a state statute is in tension with federal objectives, but an inquiry into whether the ordinary meanings of state and federal law conflict.'" Wyeth v. Levine, 129 S. Ct. 1187, 1208 (2009) (citing Bates v. Dow Agrosciences LLC, 544 U.S. 431, 459 (Thomas, J., concurring in judgment in part and dissenting in part)). As such, in determining whether the state law is preempted, I must look to the ordinary meanings of both the state and federal

laws to determine if there is a conflict.

I find no such conflict. 11 U.S.C. § 522(b)(1) grants debtors an exemption under either subparagraph (b)(2) or (b)(3). Subparagraph (b)(2) allows the debtor to take the federal exemption found in subparagraph (d) unless state law "specifically does not so authorize." Taking that option, the Georgia General Assembly decided to "not so authorize" use of the list of federal exemptions in 522(d). *See* 1980 Ga. Laws 952. Thus, the triggering event permitted in (b)(2) occurred, so the allowed bankruptcy exception, pursuant to (b)(1), is found in (b)(3). Under that section the bankruptcy exemption includes "any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition . . . ." 11 U.S.C. § 522(b)(3). That language is broad enough to cover "any property" once the state shows its intent to opt out. Georgia opted out by explicitly not authorizing the list of federal exemptions. 1980 Ga. Laws 952. Because it did and because (b)(3) does not limit the state exempt property to that list which appears in the "opt out" statute, but extends to "any property" which is state-exempted, I hold that (b)(3) includes all Georgia exempt property within the federally-blessed exemption.

Georgia state law provides that "[n]o claim for compensation under [Georgia's Workers' Compensation laws] shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors." O.C.G.A. § 34-9-84. Creditor contends that because this code provision falls outside the confines of the Georgia bankruptcy exemptions, found in O.C.G.A. § 44-13-100, and because it serves an entirely different

purpose, it is "intended to give some measure of protection to people who do *not* avail themselves of bankruptcy." Letter Brief, Dckt. No. 81, p. 2 (February 11, 2010).

I perceive no such intention. As I held in In re Flowers, 96-21061 (Bankr. S.D. Ga. 1997), the language of § 34-9-84 applies regardless of whether the person receiving benefits is a debtor in bankruptcy. The compensation benefits are beyond the reach of any creditors as a matter of state law, independent of the Bankruptcy Code. When looking at the ordinary meanings of the state and federal laws, it is clear that there is no conflict between the federal law and the state law in the case *sub judice*. The federal law allows states to choose whether to use the federal exemptions found in 11 U.S.C. § 522(d), or whether to use state-enacted exemptions. Georgia has chosen to opt out of the federal exemptions and enact its own exemptions. Some of Georgia's state exemptions are found in O.C.G.A. § 44-13-100. However, as Creditor points out, "O.C.G.A. § 18-4-20 prevents creditors from reaching more than 50% of a debtor's take-home income by garnishment[, and] Section 33-15-62 makes exempt 100% of the benefits paid by a 'fraternal benefit society.'" Letter Brief, Dckt. No. 81, p. 2. Georgia also exempts benefits received under Workers' Compensation laws from creditors' reach. O.C.G.A. § 34-9-84. In short, not all of Georgia's exemptions are contained within the four corners of O.C.G.A. § 44-13-100.

Georgia first passed its own bankruptcy-specific exemptions, contained at the time in Ga. Code Title 51-1301.1, in the 1980 legislative session. 1980 Ga. Laws 952. While that statute did not specifically exempt Workers' Compensation awards, it specifically

contemplated opting out of the federal exemptions. Id. at § 1. While the statute purported to exempt "for purposes of bankruptcy, the following property:" which did not include Workers' Compensation awards, it did so in the context of a long history exempting Workers' Compensation awards from all claims of creditors. Georgia first enacted its Workers' Compensation statute in 1920. The very first iteration of Georgia's Workers' Compensation statute declared that "no claim for compensation under this act shall be assignable, and all compensation and claims therefore shall be exempt from all claims of creditors." 1920 Ga. Laws 167, § 22.

Georgia's opt out exemptions were clearly adopted within a framework in which Workers' Compensation claims are completely unreachable by all creditors. Had the Georgia General Assembly included Workers' Compensation awards in the 1980 bankruptcy exemption list, after sixty years of statutory exemption arising from a different law, it would have been redundant. The drafters of the legislation assuredly thought that "exempt from all claims of creditors" was strong enough language to ensure that a debtor did not lose rights by declaring bankruptcy.

Other courts that have considered the question have held that state Workers' Compensation statutes that claim to be beyond creditors' reach are also exempt from a bankruptcy estate. Many courts reach this conclusion based in part on the very purpose of Workers' Compensation laws. The purpose is to compensate a worker for a sustained injury, to provide him with a means to continue to support himself, and to allow him a reasonable

standard of living.  Then Chief Judge Cardozo explained, while interpreting a similar New York statute:

> The Workmen's Compensation Law was framed to supply an injured workman with a substitute for wages during the whole or at least a part of the term of disability. He was to be saved from becoming one of the derelicts of society, a fragment of human wreckage. He was to have enough to sustain him in a fashion measurably consistent with his former habits of life during the trying days of readjustment. The cost of such support becomes a charge upon the industry without regard to fault. Rehabilitation of the man, not payment of his ancient debts, is the theme of the statute, and its animating motive.

Surace v. Danna, 161 N.E. 315 (N.Y. 1928) (internal citations omitted). *See also* In re Williams, 171 B.R. 451, 453 (D. N.H. 1994) (holding that a car purchased with a Workers' Compensation award was exempt under New Hampshire law); In re McClure, 175 B.R. 21, 23 (Bankr. N.D. Ill. 1994) (holding that an Illinois law exempting an award under the Workers' Compensation Act from liability on a debt was sufficient to exempt it from being drawn into the bankruptcy estate); In re Gardiner, 332 B.R 891, 893-94 (Bankr. S.D. Cal. 2005) (interpreting the relevant state law, holding that Workers' Compensation awards were exempt from the bankruptcy estate even after the award was invested in other property); In re Irish, 311 B.R. 63, 69 (8th Cir. 2004) (noting that an Iowa law that exempted Workers' Compensation from garnishment and attachment created an exemption from the property of the

bankruptcy estate).

Creditor's reliance on In re Waldron 536 F.3d 1239 (11th Cir. 2008) is misplaced. Waldron stands for the proposition that "the bankruptcy court has the discretion to require an amendment of the debtors' schedule of assets, under Federal Rule of Bankruptcy Procedure 1009 . . . ." Id. at 1241. Creditor's assertion that Waldron would lead to a conclusion that a Workers' Compensation award constitutes property of the bankruptcy estate is misguided. While Waldron does stand for the fact that post-petition tort personal injury settlements can become property of the estate and debtors must amend their schedules of assets, such is not the case here. As mentioned above, Workers' Compensation awards are specifically exempted from creditors' claims and need not be added to debtors' schedules, as they are irrelevant to creditors' recovery.

Because the Bankruptcy Code allows states to choose whether to use federal exemptions or state exemptions, because Georgia has opted out of the federal exemptions, because the state of Georgia has enacted a provision putting Workers' Compensation claims beyond creditors' reach, and because this interpretation is consistent with the purpose of the statute and other states' implementation of similar statutes, I conclude that the Workers' Compensation claims are beyond the reach of creditors in bankruptcy.

ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, I

therefore reaffirm my holding in <u>Flowers</u>, *supra*, overrule Creditor's objection, and direct Debtor's Bankruptcy and Workers' Compensation Counsel to proceed with the proposed settlement, which is fully exempt from these proceedings.

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 17th day of March, 2010.